UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC BERNARD,

    Plaintiff,

vs.                                      CASE NO.:

TCC MOBILE WIRELESS LLC, a Foreign for Profit Limited Liability Company, d/b/a TCC WIRELESS, LLC

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIC BERNARD ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, TCC MOBILE WIRELESS LLC, d/b/a TCC WIRELESS, LLC ("Defendant" or "TCC Wireless") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Defendant TCC Wireless is a foreign corporation licensed and authorized to conduct business in the State of Florida. At all material times hereto, Defendant maintained an office in Orange County, Florida.

2. Plaintiff is an adult individual who resides in Orange County, Florida.

3. Defendant was an employer as defined by the laws under which this action is brought and employs greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII. Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

5. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Orange County, Florida.

6. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Orange County, Florida.

7. Plaintiff filed a Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 3, 2018. On July 3, 2019 the EEOC issued its right-to-sue letters on both Charges of Discrimination. Therefore this complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## FACTUAL ALLEGATIONS

8. Plaintiff is a Caucasian male born and raised in the United States.

9. Defendant is one of the largest T-Mobile premium retailers in the United States. Defendant operates in Florida, Iowa, Illinois, Indiana, Pennsylvania, Delaware, New York, and several other states. *See* www.TCCMobile.com

10. Plaintiff began working for Defendant in or about August 2017 as a sales representative.

11. Plaintiff worked at Defendant's store located at 4421 Hoffner Avenue, #106, Orlando, Florida 32812.

12. In his role as a sales representative, Plaintiff duties included greeting Defendant's customers, advising customers on cellphone models and cell phone products, and sold cell phone service/data plans.

13. Defendant lists its principal address as 2804 Orchard Lake Road, Ste 205, Keego Harbor, MI 48320. See Florida's Division of Corporations at www.Sunbiz.org

14. While employed by TCC Wireless, Plaintiff was supervised by Store Manager, Raul Gil.

15. Raul Gil is of Hispanic ethnicity.

16. On or about March 5, 2018, Mr. Gil openly stated to various store employees that he will be making the store a "Spanish speaking only" store.

17. Mr. Gil told Plaintiff that in order to be an effective Store Manager, Plaintiff must be able to speak Spanish.

18. Plaintiff does not speak Spanish.

19. Due to these comments, Plaintiff was in fear that he would be passed over for promotion to Store Manager, lose commissions, or be terminated.

20. As a result, Plaintiff made efforts to address his concerns by sending an email to Human Resources on March 5, 2018.

21. Specifically, Plaintiff expressed his concerns that Mr. Gil's statements were "discriminatory and support an agenda to discriminate." See Exhibit A – Email to TCC Mobile Human Resources.

22. On March 8, 2018, in response to Plaintiff's written complaint to Human Resources, Plaintiff was approached by Defendant's Regional Manager, Jose Quinones to discuss Plaintiff's concerns.

23. Jose Quinones is of Hispanic ethnicity.

24. In meeting with Mr. Quinones, Plaintiff reasserted his position outlined in his March 5, 2018 email.

25. On March 9, 2018, Defendant terminated Plaintiff, one day after meeting with Regional Manager Jose Quinones to discuss concerns of discrimination.

26. As part of Plaintiff's termination, Plaintiff was provided with a "Record of Conversation" regarding Disrespectful, Unprofessional, Inappropriate and Unacceptable Conduct. *See* Exhibit B

27. Notably, Defendant did not provide a basis for Plaintiff's termination despite the form's instruction to insert factual details of the unacceptable behavior. *Id*

28. Specifically, Plaintiff's termination documentation was left blank and unsigned. *Id*

29. Defendant terminated Plaintiff in retaliation for reporting Mr. Gil to Human Resources for discriminatory conduct.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

30. Plaintiff re-alleges and adopts paragraph 1 – 29 as though set forth fully herein.

31. Plaintiff is a member of a protected class under Title VII because he engaged in protective activities.

32. Plaintiff engaged in protected activity when he complained in writing to Defendant's Human Resources about the ongoing comments of discrimination that he personally witnessed by Store Manager Raul Gil.

33. After reporting Mr. Gil to Human resources, Defendant's Regional Manager, Mr. Quinones met with Plaintiff to discuss those concerns.

34. Plaintiff also engaged in protected activity when he met with Regional Manager Quinones to express his concerns of discriminatory conduct by Store Manager Gil.

35. As a result of Plaintiff reporting discriminatory conduct, Defendant terminated Plaintiff on March 9, 2018, four days after initially complaining in writing to Human Resources.

36. Plaintiff was retaliated against by way of his termination on March 9, 2018.

37. By the conduct described above, Defendant treated Plaintiff retaliated against Plaintiff because he engaged in protected activities in violation of Title VII.

38. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected to.

39. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
### RETALIATION IN VIOLATION OF THE FCRA

40. Plaintiff re-alleges and adopts paragraph 1 – 29 as though set forth fully herein.

41. Plaintiff is a member of a protected class under the FCRA because he engaged in protective activities.

42. Plaintiff engaged in protected activity when he complained in writing to Defendant's Human Resources about the ongoing comments of discrimination that he personally witnessed by Store Manager Raul Gil.

43. Plaintiff also engaged in protected activity when he met with Regional Manager Quinones to express his concerns of discriminatory conduct by Store Manager Gil.

44. As a result of Plaintiff reporting discriminatory conduct, Defendant terminated Plaintiff on March 9, 2018, four days after initially complaining in writing to Human Resources.

45. Plaintiff was retaliated against by way of his termination on March 9, 2018.

46. By the conduct described above, Defendant treated Plaintiff retaliated against Plaintiff because he engaged in protected activities in violation of the FCRA.

47. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected to.

48. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

<u>**Plaintiff specifically reserves the right to amend his Complaint to seek punitive damages against Defendants**</u>

DATED this 25 day of September 2019.

                                              **MORGAN & MORGAN, P.A.**

                                              _____
MATTHEW R. GUNTER, ESQ.
Fla. Bar No. 0077459
Morgan & Morgan, P.A.
20 North Orange Avenue, 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 236-0946
Fax: (407) 867-4791
Email:  MGunter@forthepeople.com
<u>Attorney for Plaintiff</u>